UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAVID GIBSON,

                                       Plaintiff,                  Civil Action No.
                                                          9:22-CV-0270
                     v.                                      (GTS/ATB)

ST. ELIZABETH MEDICAL CENTER HOSPITAL
EXECUTIVE DIRECTOR, et al.,

                                         Defendants.

_____

APPEARANCES:                                 OF COUNSEL:

DAVID GIBSON
15-A-2714
Plaintiff, pro se
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

## I.    INTRODUCTION

      Pro se plaintiff David Gibson, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision, commenced this action or about March 21, 2022, with the filing of a complaint.  Dkt. No. 1.  Plaintiff paid the full filing fee required for commencing an action in this District.

      On May 19, 2022, the Court issued a Decision and Order reviewing the sufficiency of the complaint pursuant to 28 U.S.C. § 1915A ("Section 1915A").  Dkt. No. 3 ("May Order").  The May Order transferred the claims asserted against defendants Mount Vernon Montefiore

Hospital Executive Director, Samuels, Zamilus, and Wolfriedman to the Southern District of New York because those claims arose in that District and were separate and distinct from the claims arising in this District. *Id.* at 5-7. The Court then conditionally dismissed the claims arising in this District asserted against defendants Reardon, Zaki, St. Elizabeth Medical Center Executive Director, "Alcuti,"[1] Saqib, Corigliano, Teeter, Radiologist Jane Doe, and Darocco for failure to state a claim upon which relief may be granted pursuant to Section 1915A(b)(1) unless plaintiff filed an amended complaint that corrected the complaint's pleading defects. *Id.* at 12-14.

Plaintiff availed himself of the opportunity amend, and the Court received an amended complaint on June 9, 2022. Dkt. No. 4 ("Am. Compl."). The Clerk has now forwarded the amended complaint to the Court for review pursuant to Section 1915A.

## II.    DISCUSSION

### A.    Governing Legal Standard

The legal standard governing the Court's review of a pleading pursuant to Section 1915A was discussed at length in the May Order and will not be restated in this Decision and Order. *See* May Order at 2-3.

### B.    Summary of the Amended Complaint

Plaintiff's amended complaint is not at all a model of clarity. The entire 13-page pleading is not delineated by any paragraphs, and plaintiff's narrative includes limited punctuation and uses periods only to abbreviate words – never as the ending of a statement. The amended pleading therefore reads as one, long, run-on sentence, making it difficult to decipher discrete factual allegations. Despite these challenges, the Court has carefully

---

[1] Based on the amended complaint, it is now clear that this defendant's last name is spelled "Alcuri," rather than "Alcuti." The Clerk is respectfully directed to modify the docket accordingly.

reviewed the amended complaint, as well as the 31 pages of exhibits attached to the pleading.[2]  As defendants, the amended complaint names (1) St. Elizabeth Medical Center Hospital Executive Director, (2) Registered Nurse Darrocco, (3) Nurse Practitioner Brandi Corigliano, (4) Doctor Raphael Alcuri, (5) Deborah Teeter, (6) "Reading" Technician Jane Doe, (7) Marcy C.F. Superintendent Patrick Reardon, and (8) Doctor Shabab Zaki.  *See* Am. Compl. at 1, 13.

Generally, and liberally construed, the amended complaint, together with the attached exhibits, allege that plaintiff swallowed a five-inch spork while confined in Fishkill Correctional Facility ("Fishkill C.F.") in December 2021, and that, upon arriving to the Marcy Correctional Facility ("Marcy C.F.") Residential Mental Health Unit ("RMHU") shortly thereafter, the defendants failed to provide plaintiff constitutionally adequate medical care.  Plaintiff specifically contends that he should have been provided a CT scan, rather than just x-rays, earlier than March 15, 2022.  Am. Compl. at 4, 6.  Plaintiff also alleges that defendant Reardon did not respond to his grievances.  *Id.* at 10.

Liberally construed, the amended complaint asserts Eighth Amendment deliberate medical indifference claims against the defendants.  Am. Compl. at 13.[3]  For a complete statement of plaintiff's claims, reference is made to the amended complaint.

[2]  *See Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014) ("[T]he Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, [as well as] documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken[.]").

[3]  The amended complaint also references a "First Amendment violation not responding [to] grievances[.]"  Am. Compl. at 13.  To the extent plaintiff purports to assert a claim against defendant Reardon based on the allegation that defendant Reardon did not respond to grievances or complaints filed by plaintiff regarding his medical issues, that claim is not cognizable.  *See Justice v. Coughlin*, 941 F. Supp. 1312, 1316 (N.D.N.Y. 1996) ("[M]ere violations of an inmate grievance system do not violate the Constitution.").

C.     **Analysis**

The legal standard governing plaintiff's Eighth Amendment deliberate medical indifference claims was set forth at length in the May Order and will not be restated in this Decision and Order.  *See* May Order at 9-10.

With due regard for plaintiff's pro se status, plaintiff's amended complaint is subject to dismissal for the same reasons that the Court described in the May Order with respect to plaintiff's original complaint.  More specifically, "disagreements over . . . diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention are not adequate grounds for a [S]ection 1983 claim."  *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).  Because plaintiff's medical indifference claims stem from allegations that he should have been provided a CT scan prior to March 15, 2022, they are subject to dismissal.

Moreover, any other allegations of deliberate medical indifference are otherwise not discernable from plaintiff's largely incoherent amended complaint, nor are they supported by the medical records provided by plaintiff.  Deliberate medical difference requires a plaintiff to allege, inter alia, that the defendants acted, or failed to act, while actually aware of a substantial risk that serious harm will result to the plaintiff.  *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).  As alleged in the amended complaint, and as reflected in the medical records attached as exhibits to the amended complaint, plaintiff received frequent medical attention for his allegation that he swallowed a spork.  According to the medical records provided by plaintiff, he was seen at Fishkill C.F. by a registered nurse on December 18, 2021, after a sergeant witnessed him swallow the spork.  Dkt. No. 4-1 ("Exhibits") at 3.  At

that time, plaintiff was transported to an outside hospital, where he refused medical care. *Id.*
Plaintiff arrived at Marcy C.F. RMHU on or about December 29, 2021, at which time he was
seen by defendant Corigliano. *Id.* at 2. The medical records further reflect that plaintiff was
seen by medical providers on January 10-12, 2022. *Id.* at 1. Defendant Corigliano ordered
x-rays of plaintiff's abdomen on January 12, 2022. *Id.* at 1, 5, 7. The x-ray did not reflect any
abnormalities, including any foreign bodies. *Id.* at 5. The doctor that authored the x-ray
report noted that "[f]urther imaging option would be to perform CT scan which may be better
able to locate radiolucent objects such as plastic." *Id.* at 6. Thereafter, plaintiff was seen by
medical providers on January 23 and 24, 2022, and defendant Corigliano again ordered x-
rays of plaintiff's abdomen on January 24, 2022. *Id.* at 8, 10-11. The x-ray showed "[n]o
radiopaque foreign body." *Id.* at 20. Plaintiff was then seen by medical personnel on
February 6, 8-11, 14, 24-25, 2022, and March 1, 7, 10, 12, 16-18, 2022. *Id.* at 13-19.
Plaintiff was treated by "GI" on February 8, 2022, and recommended for a CT scan. *Id.* at 25.
On March 15, 2022, plaintiff received a CT scan of his abdomen and pelvis. *Id.* at 25-26.
The CT report showed "no evidence of a foreign body." *Id.* at 26.

In light of the frequent and persistent medical attention plaintiff received at Marcy C.F.
RMHU for his allegation that he swallowed a spork, the Court finds that neither plaintiff's
amended complaint nor the medical records demonstrate that plaintiff's health and safety
were ignored at Marcy C.F. RMHU, or that any named defendant was deliberately indifferent
to any serious risk to plaintiff's well-being. Accordingly, plaintiff's Eighth Amendment
deliberate medical indifference claims are dismissed for failure to state a claim upon which
relief may be granted pursuant to Section 1915A(b)(1).

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk modify the docket to reflect the correct spelling of defendant Alcuri's last name; and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 4) is **ACCEPTED** for filing purposes only but that it is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk enter judgment dismissing this action and close the matter; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

Dated: August 18, 2022
       Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge